# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

| | | |
|---|---|---|
| LIONELL E. EPHRAIM,[1] | ) | |
| | ) | |
|       Petitioner, | ) | |
| v. | ) | Civil Action No. 1:12-02339 |
| | ) | |
| KAREN F. HOGSTEN, Warden, | ) | |
| | ) | |
|       Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On June 27, 2012, Petitioner, acting *pro se* and incarcerated at FCI McDowell, filed his Application to Proceed *in Forma Pauperis* and Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[2] (Document Nos. 1 and 2.) Petitioner alleges that he is entitled to *habeas* relief because the BOP is improperly executing an invalid sentence imposed by the Eastern District of Virginia. (Document No. 1.) Petitioner explains that on October 2, 1991, he pled guilty in the Eastern District of Virginia "to conspiracy to commit robbery (Count One), armed robbery (Count Two), and use of a firearm in commission of a crime of violence (Count Three)." (Document No. 1, p. 10.) Petitioner states that on December 12, 1991, the District Court sentenced him to a total "term of 216-months imprisonment, consisting of 60 months on Count One, 96 months on Count Two, and 60 months on Count Three, all to run consecutively." (Id.) Petitioner claims that "[a]t the time of sentencing, Petitioner was subject to a 33 year state term of imprisonment for related robbery convictions." (Id.) Petitioner acknowledges that "[t]he federal sentencing judge was silent as to whether the federal term of imprisonment would run consecutive to or concurrent with the

---

    [1] Petitioner states that he is also known as Lionell Elizah Williams.

    [2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

existing state term of imprisonment." (Id.) Petitioner states that at the time of his Federal sentencing, "the United States Sentencing Guidelines [U.S.S.G.] had the force of law, and constituted binding legislative rules that a sentencing court had to follow." (Id.) Petitioner argues that "there were specific, applicable and mandatory sentencing guidelines and federal statutes, that if applied to Petitioner's sentence, as mandated, they would have significantly decreased such sentence to the degree that it may have expired by now." (Id.) Specifically, Petitioner asserts that the Eastern District of Virginia "failed to apply U.S.S.G § 5G1.3 (the 1991 version was mandatory and required either that the sentence imposed to run concurrent with the undischarged state sentence, or consecutive only to the extent necessary to achieve a reasonable incremental punishment, and was mandatorily applicable to defendants who were subject to undischarged state terms of imprisonment when being sentenced in federal court, such as in Petitioner's case), § 5G1.2 and § 3D1.2 (the effect of § 5G1.2, in conjunction with § 3D1.2, requires that a sentence on a conspiracy count shall run concurrently with the sentence on substantive counts that were included with the conspiracy, as in Petitioner's case, but because § 5G1.2 and § 3D1.2 were not applied to Petitioner's sentence his conspiracy count and substantive robbery count were ran consecutively), and neither were 18 U.S.C. §§ 3584(b), 3553(a)(3-5), 3553(b), nor 3553(c)(1) were considered by the sentencing judge and none of the statutory directives of these mandatorily applicable statutes complied with." (Id., pp. 10 - 11.) Petitioner contends that "[n]either the sentencing judge, probation officer, United States Attorney, nor Petitioner's attorney mention, reference, or consider the mandatory applicability of U.S.S.G. §§ 5G1.3, 5G1.2, and 3D1.2 to his federal sentence." (Id., p. 11.) Further, Petitioner argues that the District Court failed to comply with 18 U.S.C. §§ 3584(b) and 3553. (Id.) Thus, Petitioner claims his "sentence is facially invalid, not authorized by Congress and in violation of the Fifth Amendment to the United States Constitution." (Id.) Petitioner concludes that his sentence "cannot be legally

executed because it is legally non-binding and carries no authoritative weight. Neither can the FBOP derive its authority from the invalid sentence to detain Petitioner because such sentence is inherently void of any authority, as a matter of law." (Id., p. 12.) Petitioner argues that "[t]he fact that the FBOP is permitted to imprison Petitioner under the assumption that a valid sentence has been imposed against him does not defeat this Court's jurisdiction under § 2241(a) to inquire as to whether the Petitioner's allegation that his sentence is invalid has merit." (Id., p. 13.) Petitioner, therefore, requests that the Court declare "his federal sentence to be facially invalid" and order his "immediate release from the unlawfulness of federal confinement."[3] (Id., p. 16.)

## ANALYSIS

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." Boysaw v. United States, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge Berger). Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that

---

[3] Petitioner asserts the same allegations in *Ephraim v. Cauley*, Case No. 1:11-cv-0107.

seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Thus, before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.

The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a

4

narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

Although Petitioner claims to be challenging the "execution" of his sentence, Petitioner is clearly challenging the validity of his sentence imposed by the Eastern District of Virginia. Specifically, Petitioner argues that the Eastern District of Virginia failed to properly sentence him under the mandatary Sentencing Guidelines and failed to comply with 18 U.S.C. §§ 3584(b) and 3553. Petitioner's claims are therefore properly considered under Section 2255, not under Section 2241.[4] Furthermore, Petitioner has not shown and it does not appear that there is any basis for concluding that Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention. Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. Accordingly, Petitioner's claims cannot be considered under Section 2241 and should be dismissed. See United States v. Deibert, 2009 WL 2338002 at * 2 (W.D.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

[4] Section 2255(a) provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 2.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 24, 2013.

R. Clarke VanDervort
United States Magistrate Judge