```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

**LIONELL E. EPHRAIM[1],**

    **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 1:12-02339**

**KAREN F. HOGSTEN, Warden,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation.  Magistrate Judge VanDervort submitted his proposed findings and recommendation on January 24, 2013.  In that Proposed Findings and Recommendation ("PF&R"), the magistrate judge recommended that this court deny plaintiff's application to proceed without prepayment of fees and costs, dismiss petitioner's application for Writ of Habeas Corpus, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file

---

[1] Plaintiff states that he is also known as Lionell Elizah Williams.

such objections constitutes a waiver of such party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner filed objections to the Proposed Findings and Recommendation on February 6, 2013. Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Analysis

Under 28 U.S.C. § 2255, a federal prisoner can move to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." See 28 U.S.C. § 2255. As Magistrate Judge VanDervort correctly noted, "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." See PF&R at pp. 3-4 (citing Pack v.

Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  Section 2255 is the exclusive remedy unless the petitioner can demonstrate that it is inadequate or ineffective.  In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

    In the instant case, Magistrate Judge VanDervort concluded:

> Although Petitioner claims to be challenging the "execution" of his sentence, Petitioner is clearly challenging the validity of his sentence imposed by the Eastern District of Virginia.  Specifically, Petitioner argues that the Eastern District of Virginia failed to properly sentence him under the mandatory Sentencing Guidelines and failed to comply with 18 U.S.C. §§ 3584(b) and 3553.  Petitioner's claims are therefore properly considered under Section 2255, not under Section 2241.

PF&R at p.5.

    Distilled to its essence, plaintiff's main objection to the PF&R is with Magistrate Judge VanDervort's recommendation that this court construe petitioner's application under 28 U.S.C. § 2241 as a § 2255 motion and dismiss this application for lack of jurisdiction.  This court agrees with the Magistrate Judge's recommendation and OVERRULES petitioner's objection.

    According to plaintiff, his "sole habeas claim . . . is a clear constitutional challenge to the FBOP's authority to detain him and to execute a facially invalid federal sentence."  Objections at. p. 2.  He goes on to say, that "even if [his] `factual assertion' that his sentence is invalid is construed as a constitutional challenge to that sentence, such a challenge is inextricably tied to the habeas review of his primary

constitutional claim that FBOP is without `lawful authority' to imprison him under such sentence." Id. at p. 3. Plaintiff states:

> Although Ephraim has alleged that his sentence is invalid and such an allegation infers that his claim should be brought by a motion under § 2255, a claim of an invalid sentence brought under § 2255 refers only to the sentence as "imposed," as distinct from the sentence as it is being executed. Ephraim's sentence is being executed in an unlawful manner. That is, Ephraim's sentence is being executed without lawful authority to do so.

Id. at p. 5.

"[W]hether a motion is made under § 2255 should be determined by reference to the relief sought in the motion rather than what label the movant uses." Johnson v. United States, Civil Action No. 6:12-cv-00632, 2013 WL 6633953, *2 n.3 (S.D.W. Va. Dec. 17, 2013) (quoting Adams v. United States, 155 F.3d 582, 583 n.1 (2d Cir. 1998). Therefore, regardless of how Ephraim characterizes his claim, it is clear that he is challenging the validity of the sentence imposed by the sentencing court. See, e.g., Gibson v. Bledsoe, Civil No. 3:CV-12-0747, 2013 WL 1497427, *4 (M.D. Pa. Apr. 10, 2013) (dismissing a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a successive § 2255 petition even where petitioner insisted he was "`not attacking the legality of his conviction or sentence,' but rather the Bureau of Prisons' (BOP) execution of his sentence"). Based on the foregoing, this court agrees with the magistrate judge

4

that plaintiff's claim is more accurately framed as a 28 U.S.C. § 2255 petition.[2]

As a § 2255 petition, plaintiff's claim must be brought in the sentencing court. See 28 U.S.C. § 2255 (directing that a prisoner "may move the court which imposed the sentence . . ."). The plaintiff in this case was convicted and sentenced in the Eastern District of Virginia. Accordingly, this court lacks jurisdiction to hear his § 2255 petition and OVERRULES plaintiff's objections.

### III. Conclusion

The court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court DENIES plaintiff's application to proceed without prepayment of fees and costs; DISMISSES plaintiff's application for Writ of Habeas Corpus; and DIRECTS the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[2] Moreover, the court agrees with Magistrate Judge VanDervort's assessment that plaintiff has not shown that § 2255 is inadequate or ineffective to test the legality of his sentence.

2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

    The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

    IT IS SO ORDERED this 4th day of April, 2014.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge